```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES A. YECKEL,                  )
                                  )
            Petitioner,           )
                                  )
       v.                         )   Civil Action No. 05-839
                                  )   Judge David S. Cercone
COMMONWEALTH OF PENNSYLVANIA;     )   Magistrate Judge Amy Reynolds Hay
SUPERINTENDENT MR. WAKEFIELD;     )
PENNSYLVANIA BOARD OF             )
PROBATION AND PAROLE; THE         )
DISTRICT ATTORNEY OF              )
WESTMORELAND COUNTY; and THE      )
ATTORNEY GENERAL OF THE STATE     )
OF PENNSYLVANIA,                  )
            Respondents.          )
```

## REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed based on Petitioner's failure to have exhausted his available state court remedies.  In the alternative, it is respectfully recommended that the Petition be denied as without merit.  It is further recommended that a certificate of appealability be denied as Petitioner has failed to show a violation of any of his constitutional rights.

II. REPORT

Petitioner, James Allen Yeckel, is a state prisoner incarcerated at the State Correctional Institution at Greensburg. He is serving a sentence of from ten (10) to twenty (20) years for Murder in the Third Degree.  Sentence was imposed in the Court of Common Pleas of Westmoreland County, Pennsylvania, in

1994.  Petitioner challenges the decision by the Pennsylvania Board of Probation and Parole to deny him parole on August 6, 2002 and its later decision to deny parole on September 3, 2004. Yeckel asserts that the Board's denials violate the Ex Post Facto Clause of the United States Constitution in that the Board made the protection of the public its pre-eminent consideration in denying parole.  In this respect, Yeckel relies upon the analysis set forth in Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir.) ("Mickens-Thomas I"), cert. denied sub. nom. Gillis v. Hollawell, 540 U.S. 875, 124 S.Ct. 229 (2003).  In Yeckel's view, Mickens-Thomas requires that he be released from custody due to the Board's improper reliance on the "new" factors introduced by the 1996 amendment to Pennsylvania's parole statute.

   The Commonwealth has responded to the petition (docket no. 7) and asserts that Yeckel has not properly exhausted his claim or, in the alternative, that his claim lacks merit.  Yeckel counters in his traverse (docket no. 12) that the exhaustion requirement should be excused in his case because he meets the futility exception as explained in Adams v. Kelchner, 2004 WL 2634357, 1 (M.D. Pa. Dec. 12, 2004).  He concedes, however, that he did not attempt to appeal the Board's 2003 decision to the Pennsylvania courts, but argues that this would have been futile since Pennsylvania courts have routinely rejected similar arguments concerning ex post facto claims in the context of

parole decisions, and that it had just rejected his own claims concerning the 2002 parole denial. The Commonwealth maintains that Yeckel's challenge to the 2002 parole denial is mooted by the 2004 denial, and also argues that Yeckel has failed to establish an ex post facto violation in any event. The Petition is ripe for disposition.

### A. Mootness

Yeckel seeks to challenge both the Board's 2002 decision, and its 2004 decision, each denying him parole. However, because the remedy available under Mickens-Thomas I for an ex post facto violation would be a new hearing, any challenge to the earlier parole denial is mooted by the Board's later parole denial of September 4, 2004. See Johnson v. Lavan, 2004 WL 1622051 (E.D. 2004) (adopting magistrate judge's report at 2004 WL 1291973, page cite at *4 n. 4); Gauche v. Lavan, 2005 WL 1324859 (M.D.Pa. 2005) (challenges to all but most recent parole denial are moot as remedy would be remand for new hearing). Thus, this Court will not consider Yeckel's challenge to the Board's 2002 parole denial and instead, only will address Yeckel's claim regarding the September 3, 2004 denial of parole.

### B. Exhaustion

The habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state court remedies before seeking federal relief. This exhaustion requirement serves to

3

protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Accordingly, before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). The petitioner has the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's claims prior to exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (1997); Doctor, 96 F.3d at 681; Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995).

    Yeckel concedes that he never attempted to appeal the Board's 2004 decision. Where a challenge is based on the Board's application of new statutory requirements, an ex post facto

4

challenge may be brought in the Commonwealth Court.  Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 290 (2001).  Yeckel does not contest that such a remedy was available.  Instead, he asserts that it would have been futile since the state courts do not agree with his ex post facto claim as evidenced by their rejection of his challenge to the 2002 parole denial on the same grounds.  Recent precedent from the Court of Appeals for the Third Circuit requires that this court reject Yeckel's futility argument.

In Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), the district court granted relief to a petitioner who challenged the Board's denial of parole on ex post facto grounds.  The district court reached the merits of the claim only after finding that exhaustion was excused due to the futility of raising an ex post facto claim in the Pennsylvania courts.  The Court of Appeals reversed, and dismissed the petition, finding that the lower court committed error by excusing exhaustion of an ex post facto claim.  "[S]tate courts should have been given the opportunity to review [a petitioner's] ex post facto claim . . .." 429 F.3d at 64.  The same result necessarily applies here.  Yeckel has not exhausted available state court remedies as to his 2004 parole proceeding and, as Parker teaches, an ex post facto challenge to

5

a parole decision must be dismissed absent exhaustion of available state court remedies.[1]

**C. Merits**

Moreover, Petitioner has not demonstrated a violation of his rights as protected by the Ex Post Facto Clause. In this regard, the Board's September 3, 2004 decision sets forth the following reasons for denying Petitioner parole:

> Your version of the nature and circumstances of the offenses committed.
>
> Your lack of remorse for the offenses committed.
>
> Reports, evaluations and assessments concerning your physical, mental and behavior condition and history.
>
> Your need to participate in and complete additional institutional programs.
>
> Your interview with the hearing examiner.

(Docket no. 3, Ex. B). Yeckel argues that, prior to the 1996 amendments to the Pennsylvania statute, he automatically would have been released on parole following the expiration of his minimum sentence. Thus, he claims that the Board's failure to follow the pre-1996 guidelines for considering his parole application is fatal to the Board's decision. The Court of

---

[1] While Petitioner cites to Adams v. Kelchner, 2004 WL 2634357 (M.D. Pa. Nov. 12, 2004) in support of his argument, that case is not persuasive for a two reasons. First, because that case is from the United States District Court for the Middle District of Pennsylvania, it is not binding upon this Court. Second, the Court of Appeals opinion in Parker post-dates Adams and is binding precedent that this Court must follow.

Appeals' decision in Mickens-Thomas requires, in Petitioner's view, that this court immediately order his release on parole.

Yeckel misreads applicable precedent. Of course, with the "unsettled and evolving nature of [the] jurisprudence" in the area of habeas challenges to Pennsylvania parole denials, it is perhaps not surprising that Yeckel does not understand precedent in this area. Parker, 429 F.3d at 64 (noting unsettled and evolving nature of Pennsylvania Supreme Court precedent concerning the availability of relief for ex post facto parole claim). The Court of Appeals has recently provided an overview of the evolution of claims such as Yeckel's, and that overview informs this court's decision on the merits of Yeckel's claim:

> The Pennsylvania Supreme Court first addressed the ex post facto implications of the changes to the parole laws in Winklespecht v. Pennsylvania Board of Probation and Parole, 571 Pa. 685, 813 A.2d 688, 691 (2002). In that case, Justice Eakin reasoned that the 1996 Amendments did not create a new offense, increase the penalty for an existing offense, or create a substantial risk that parole would be denied more frequently, and therefore it did not violate the Ex Post Facto Clause. Id. at 691-92. Winklespecht, however, featured the opinions of four different judges and no clear majority opinion emerged.
>
> Following Winklespecht, we weighed in on the Ex Post Facto question in Mickens-Thomas v. Vaughn, 321 F.3d at 392. In Mickens-Thomas, we concluded that the Parole Board interpreted the amendments to the parole statute in a way that fundamentally altered the parole application reviewing process by placing primary importance on public safety

7

as a consideration of whether to grant parole. Id. at 384-85.  The Pennsylvania Supreme Court responded in Finnegan v. Pennsylvania Board of Probation and Parole, 576 Pa. 59, 838 A.2d 684, 690 (2003), recognizing our decision in Mickens-Thomas, but also noting its limited application.  It then took the opportunity to "reiterate that the 1996 revision of § 331.1 of the Parole Act does not violate the ex post facto clause when applied to a prisoner convicted prior to the revision."  Id.

Shortly thereafter, a plurality of the Pennsylvania Supreme Court took the opportunity in Hall v. Pennsylvania Board of Probation and Parole, 578 Pa. 245, 851 A.2d 859, 865 (2004), to expressly disagree with our decision in Mickens-Thomas.  Hall, however, offered no further Ex Post Facto analysis.

Most recently, the Pennsylvania Supreme Court revisited the 1996 parole amendments in Cimaszewski v. Board of Probation and Parole, 582 Pa. 27, 868 A.2d 416, 427 (2005).  Although again fragmented, a clear majority of the court explicitly rejected Finnegan and held that "under Garner [v. Jones, 529 U.S. 244 (2000) ] and [California Dept. of Corrections v.] Morales, [514 U.S. 499 (1995),] the 1996 amendment may be shown to violate the ex post facto clause if an inmate is able to demonstrate that the 1996 amendment, as applied to him, creates a significant risk of prolonging his incarceration." Id.  In our recent decision in Richardson v. Pennsylvania Board of Probation and Parole, 423 F.3d 282, 2005 WL 2155505 (3d Cir. Sept. 8, 2005), we recognized that the Cimaszewski decision had squarely answered in the affirmative that the 1996 Amendments had changed the substantive criteria for parole in Pennsylvania and that a petitioner who could demonstrate individual disadvantage from retroactive application of

8

>     the 1996 Amendments could prevail on an ex
>     post facto claim. Id. at *8.

429 F.3d at 64.

As this synopsis of Mickens-Thomas I and subsequent state and federal case law establishes, an ex post facto claim premised upon the "changes" engendered by the 1996 amendment of Pennsylvania's parole statute requires that a petitioner establish "individual disadvantage." In this case, Yeckel's burden is to show that the 1996 amendments, as applied in this case, created a significant risk that his incarceration would be prolonged. Richardson, supra.

The reasons set forth by the Board for denying parole to Yeckel are entirely in line with the pre-1996 requirements of the Parole Act. See, e.g., Mickens-Thomas I, 321 F.3d at 378. Further, unlike the Board's decision in Mickens-Thomas I, the Board's September 3, 2004 decision in this case reflects that it did not expressly give additional weight to public safety concerns. Thus, there is no indication on this record that the 1996 amendments to Pennsylvania Parole Act had any effect on the decision to deny Yeckel parole. Therefore, as required under Richardson, Yeckel has not shown that he was personally disadvantaged by the use of the 1996 amendments. Accord Rivera v. Gillis, 2006 WL 208803 (M.D. Pa. 2006) (specific reasons for denying parole, including the "nature and circumstances of the offense(s) committed" and the need for "additional institutional

programs" were reasons appropriately considered pre-1996). Because a violation of the Ex Post Facto Clause has not been established, Yeckel's claim should be dismissed.

**D.     Certificate of Appealability**

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." In the case at bar, Yeckel has not made any showing that he has been denied any of his constitutional rights. Accordingly, a certificate of appealability should be denied.

III. CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed based on Petitioner's failure to have exhausted his available state court remedies. In the alternative, it is respectfully recommended that the Petition be denied as without merit. It is further recommended that a certificate of appealability be denied as Petitioner has failed to show a violation of any of his constitutional rights.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date

of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                    Respectfully submitted,

                                    /s/ Amy Reynolds Hay
                                  AMY REYNOLDS HAY
                                  United States Magistrate Judge

Dated: 13 February, 2006.

cc:   Hon. David S. Cercone
      United States District Judge

      James Allen Yeckel
      CG-2293
      SCI Greensburg
      R.D. 10, Box 10
      Greensburg, PA 15601

      Kemal Alexander Mericli
      Deputy Attorney General
      Office of the Attorney General
      6th Floor, Manor Complex
      564 Forbes Avenue
      Pittsburgh, PA 15219